**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| STORE Master Funding XXIX, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Triangle Capital Properties, LLC, a Texas limited liability company; Royal Texas, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No. 4:23-cv-1194 |

## COMPLAINT

1. Plaintiff STORE Master Funding XXIX, LLC, successor in interest to STORE Master Funding VIII, LLC ("STORE"), by and through counsel undersigned, and for its Complaint against Defendants Triangle Capital Properties, LLC ("Triangle") and Royal Texas, LLC ("Royal"), hereby alleges as follows:

## PARTIES

2. STORE is a Delaware limited liability company. STORE's sole member is STORE Capital Acquisitions, LLC, a Delaware limited liability company. STORE Capital Acquisitions, LLC's sole member is STORE Capital Corporation, a Maryland corporation with its principal place of business in Scottsdale, Arizona. For purposes of diversity jurisdiction, STORE is a citizen of the states of Arizona and Maryland.

3. Triangle is a Texas limited liability company with its principal place of business in Atlanta, Georgia. Triangle's sole member is Showcase Properties, LLC, a

Delaware limited liability. Upon information and belief, Triangle is a citizen of the states of Georgia and Texas.

4. Royal is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Royal's sole member is Royal Investment Holdings, LLC, a Delaware limited liability company. Upon information and belief, Royal is a citizen of the states of Georgia and Texas.

## JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. For purposes of § 1332(a)(1), STORE is a citizen of Arizona and Maryland.

7. Defendants Triangle and Royal (collectively, "Defendants"), on information and belief, are citizens of Georgia and Texas.

8. The amount in controversy exceeds $75,000, exclusive of interests and costs.

9. In the Lease and Guaranty (defined below), STORE and Defendants expressly submitted to the jurisdiction of all federal and state courts located in the state of Texas.

10. Venue is proper before this Court because the Properties are situated in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

### The Lease

11.     STORE, as Lessor,[1] and Triangle, as Lessee, entered into that certain Master Lease Agreement dated April 26, 2016 (as amended, the "Lease") for twenty-four (24) properties located in Texas (collectively, the "Properties"):

   a) 1849 Jefferson Drive, Port Arthur, Texas
   b) 1533 N. Wayside Drive, Houston, Texas
   c) 1213 College Avenue, South Houston, Texas
   d) 8926 Jensen Drive, Houston, Texas
   e) 6405 Telephone Road, Houston, Texas
   f) 1931 Garth Road, Baytown, Texas
   g) 5725 Lockwood Drive, Houston, Texas
   h) 2305 Fry Road, Katy, Texas
   i) 8841 Cullen Blvd., Houston, Texas
   j) 1001 Brazosport Blvd., Freeport, Texas
   k) 14450 S. Post Oak Road, Houston, Texas
   l) 2514 Seventh Street, Bay City, Texas
   m) 606 N. Mechanic Street, El Campo, Texas
   n) 2400 N. Richmond Road, Wharton, Texas
   o) 11334 Hughes Road, Houston, Texas
   p) 2401 Main Street, Dickinson, Texas
   q) 10803 Bissonnet Street, Houston, Texas
   r) 4701 Irvington Blvd., Houston, Texas
   s) 806 S. Columbia Drive, W. Columbia, Texas
   t) 2711 11th Street, Huntsville, Texas
   u) 210 N. Washington Avenue, Livingston, Texas
   v) 1701 Fairway Drive, Alvin, Texas
   w) 849 S. Wheeler Street, Jasper, Texas
   x) 1901 Highway 1765, La Marque, Texas

12.     STORE and Triangle agreed, pursuant to the Lease, that the Lease shall be governed by, and construed with, the Laws of the applicable state in which the Property is located, without giving effect to any state's conflict of Laws principles.

---

[1] All capitalized terms not otherwise defined herein shall take the meaning ascribed to them in the Lease.

13. Pursuant to the Lease, Triangle is obligated, among other things, to pay Base Monthly Rental on or before the first day of each calendar month.  See Lease, Section 4.01.

14. Under the Lease, Triangle agreed to pay a late charge of three percent (3%) of the unpaid sums in addition to a default interest rate.  See Lease, Section 4.06.

15. The Lease provides that, in the event that Triangle defaults in the payment of rent, the unpaid rent bears interest from the due date to the date of complete payment at a rate of fifteen percent (15%) per annum or the highest rate permitted by Law, whichever is less.  See Lease, Section 4.06; Exhibit A Defined Terms, A-2.

16. Royal was party to a Franchise Agreement, which permitted Triangle and Royal to operate Permitted Facilities on the Properties.  See Lease, Section 5.08.

17. During the Lease Term, Triangle was not authorized "to alter the exterior, structural, plumbing or electrical elements of the Properties in any manner without the consent of Lessor [STORE]."  Lease, Section 7.02.

18. To the extent any such alterations were consented to by STORE, such alterations were "to be made…according to plans and specifications approved by Lessor [STORE] and subject to such other conditions as Lessor [STORE] shall reasonably require."  Lease, Section 7.02.

19. Further, upon completion of any such alterations, Triangle is required to "promptly provide Lessor [STORE] with evidence of full payment to all laborers and materialmen contributing to the alterations."  Lease, Section 7.02.

20. Triangle is further required, upon completion of such alterations, to "promptly provide Lessor [STORE] with (a) an architect's certificate certifying the

alterations to have been completed in conformity with the plans and specifications (if the alterations of such a nature as would require the issuance of such a certificate from the architect); (b) a certificate of occupancy (if the alterations are of such a nature as would require the issuance of a certificate of occupancy); and (c) any other documents or information reasonably requested by Lessor [STORE]." Lease, Section 7.02.

21. Further, Triangle was required to "execute and file or record, as appropriate, a 'Notice of Non-Responsibility' or any equivalent notice permitted under applicable Law in the states where the Properties are located which provides that Lessor [STORE] is not responsible for the payment of any costs or expenses relating to the additions or alterations." Lease, Section 7.2.

## The Guaranty

22. On or about April 26, 2016, in connection with the Lease, Royal executed an Unconditional Guaranty of Payment and Performance for the benefit of STORE ("Guaranty").

23. Pursuant to the Guaranty, Royal unconditionally, absolutely and irrevocably guarantees the punctual and complete payment and performance of Triangle's Obligations under the Lease. Guaranty, Section 1.

24. Royal and STORE agreed, under the Guaranty, that the Guaranty shall be deemed to be a contract made under and governed by the laws of the State of Texas, without regard to its conflicts of law.

**Defendants' Defaults**

25.     Cajun Global, LLC ("Franchisor") terminated the Franchise Agreement effective March 21, 2022 based on multiple defaults under the Franchise Agreement.

26.     The breaches of the Franchise Agreement also constituted an Event of Default under the Lease.  Lease, Section 12.01(j).

27.     Further, neither Triangle nor Royal had entered into a substitute agreement for the terminated Franchise Agreement prior to March 21, 2022.

28.     This constituted a separate Event of Default under the Lease.  Lease, Section 12.01(j).

29.     On or about April 11, 2022, following the termination of the Franchise Agreement, an injunction was entered in the District Court of Harris County, Texas, 125th Judicial District, which resulted in the closure of all restaurants at the Properties.

30.     Thereafter, Triangle failed to operate its business on the Properties, constituting an additional Event of Default under the Lease.  Lease, Section 8.01 (requiring Triangle to occupy the Properties and diligently operate its business on the Properties); Lease, Section 12.01(f).

31.     Subsequently, Triangle undertook alterations of certain of the Properties without first providing written notice to STORE and without obtaining STORE's consent for such alterations.

32.     Further, Triangle failed to obtain STORE's approval of plans and specifications for the alterations; failed to provide STORE with evidence of full payment to all laborers and materialmen contributing to the alterations; and failed to provide STORE

with an architect's certificate certifying the alterations were completed in conformity with the plans and specifications, a certificate of occupancy, or any other documents upon completion.

33. Triangle's unauthorized alterations constitute another Event of Default under the Lease. Lease, Section 12.01(f).

34. Commencing in December 2022, Triangle ceased paying Base Monthly Rental to STORE. Lease, Section 12.01(b).

35. On or about January 12, 2023, STORE sent a Notice of Event of Default and Demand for Possession (the "First Default Notice") to Triangle setting forth the Events of Default and demanding that Triangle pay the outstanding Rental within five (5) days.

36. Defendants failed to remit the outstanding Rental within five (5) days, constituting another Event of Default.

37. On March 27, 2023, STORE sent another Notice of Event of Default and Demand for Possession (the "Second Default Notice") to Triangle setting forth additional Events of Default, including the continued failure to pay Base Monthly Rental as well as the failure to pay real property taxes.

38. On March 29, 2023, STORE exercised its right under the Lease and applicable law to retake possession of the Properties.

39. As of the filing of this Complaint, Defendants have failed to pay Base Monthly Rental for the months of December 2022, January 2023, February 2023, and March 2023, as well as Additional Rental, in the total amount of $685,478.06. This amount is comprised of the following: $471,022.84 in Base Monthly Rental; $183,614.88 in real

property taxes; $14,130.69 in late fees; $14,372.65 in default interest through March 30, 2023; and $2,337.00 for forced place insurance.

40. In addition to any relief to which it is entitled and pursuant to the Lease and Guaranty, STORE is entitled to all of its reasonable attorneys' fees and other costs incurred in exercising its rights and pursuing its remedies under the Lease, Guaranty, and applicable law. Lease, Section 17.06; Guaranty, Section 8; Tex. Civ. Prac. & Rem. Code Ann. § 38.001 et seq.

## **CLAIM FOR RELIEF**
## **COUNT I**
### **(Triangle's Breach of Lease)**

41. STORE incorporates all prior allegations of the Complaint as if fully set forth herein.

42. The Lease is a valid, binding, and enforceable contract between STORE and Triangle.

43. At all relevant times, STORE, as Lessor, performed its obligations under the Lease.

44. Triangle has breached the Lease for the reasons set forth above, including without limitation, by: (i) breaching the Franchise Agreement and failing to enter into a substitute agreement; (ii) failing to continuously operate its business at the Properties; (iii) failing to obtain STORE's without providing written notice or obtaining STORE's written consent prior to making alterations at the Properties and, thereafter, failing to comply with

the Lease's requirements for Triangle to make alterations; and (iv) failing to pay Base Monthly Rental and Additional Rental as required under the terms of the Lease.

45. As a result of Triangle's breaches, STORE has been damaged in an amount to be proven at trial, but in no event less than $685,478.06, plus interest at the rate of fifteen percent (15%) per annum, and reasonable attorneys' fees and costs incurred by STORE in the enforcement of its rights under the Lease pursuant to the terms thereof and applicable law, including Tex. Civ. Prac. & Rem. Code Ann. § 38.001 et seq.

## COUNT II
### (Royal's Breach of Guaranty)

46. STORE incorporates all prior allegations of the Complaint as if fully set forth herein.

47. The Guaranty is a valid, binding, and enforceable agreement between STORE and Royal.

48. Royal has breached the Guaranty for the reasons set forth above, including without limitation, by failing to ensure the prompt, punctual, and complete performance of Triangle's Obligations under the Lease.

49. Royal has failed to pay the amounts owed under the Guaranty.

50. As a result of Royal's breaches, STORE has been damaged in an amount to be proven at trial, but in no event less than $685,478.06, plus interest at the rate of fifteen percent (15%) per annum, and reasonable attorneys' fees and costs incurred by STORE in the enforcement of its rights under the Guaranty pursuant to the terms thereof and applicable law, including Tex. Civ. Prac. & Rem. Code Ann. § 38.001 et seq.

## COUNT III

## (Unjust Enrichment – In the Alternative)

51. STORE incorporates all prior allegations of the Complaint as if fully set forth herein.

52. STORE entered into the Lease and Guaranty with the reasonable expectation of payment from Defendants.

53. Defendants knowingly accepted and retained the benefits conferred by STORE.

54. It would contravene equity and good conscience to permit Defendants to retain the benefits of the Lease and Guaranty.

55. STORE is entitled to compensation from Defendants for the value of the benefit that STORE conferred on Defendants in an amount to be proven at trial, but in no event less than $685,478.06, plus reasonable attorneys' fees and costs incurred by STORE in the enforcement of its rights under the Lease and Guaranty and applicable law, including Tex. Civ. Prac. & Rem. Code Ann. § 38.001 et seq.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff STORE prays that judgment be entered in its favor and against Defendants on each claim asserted herein, and that the Court grant the following relief:

   a) With respect to Count I (Breach of Lease), STORE requests that judgment be entered in its favor and against Defendant Triangle, awarding damages in an amount to be proven at trial, but in an amount no less than $685,478.06,

        together with interest through the date of judgment, post-judgment interest, and reasonable attorneys' fees and costs incurred in pursuing relief under the Lease and bringing this action pursuant to the Lease and Guaranty and applicable law, including Tex. Civ. Prac. & Rem. Code Ann. § 38.001 et seq.;

b) With respect to the Count II (Breach of Guaranty), STORE requests that judgment be entered in its favor and against Defendant Royal, awarding damages in an amount to be proven at trial, but in an amount no less than $685,478.06, together with interest through the date of judgment, post-judgment interest, and reasonable attorneys' fees and costs incurred in pursuing relief under the Guaranty and bringing this action pursuant to the Lease and Guaranty and applicable law, including Tex. Civ. Prac. & Rem. Code Ann. § 38.001 et seq.;

c) With respect to the Count III (Unjust Enrichment), pleaded in the alternative, STORE requests that judgment be entered in its favor and against Defendants, awarding damages in an amount to be proven at trial, but in an amount no less than $685,478.06, together with interest through the date of judgment, post-judgment interest, and reasonable attorneys' fees and costs incurred in pursuing relief under the Lease and Guaranty and bringing this action pursuant to the Lease and Guaranty and applicable law, including Tex. Civ. Prac. & Rem. Code Ann. § 38.001 et seq.;

d) Any such other and further relief the Court deems just and proper under the circumstances.

Dated:  March 30, 2023

Respectfully submitted,

By: */s/ Craig Solomon Ganz*
Craig Solomon Ganz (attorney-in-charge)
State Bar No. 24127203
Southern District of Texas No. CA217254
Michael S. Myers (admission pending)
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595
Email: ganzc@ballardspahr.com
Email: myersm@ballardspahr.com

*Attorneys for Plaintiff STORE Master Funding XXIX, LLC*